In the Matter of **MIDDLE EARTH GRAPHICS, INC.,** Debtor.

Richard C. **REMES,** Trustee, **Plaintiff/Appellant,**

v.

**SCHWARZ PAPER COMPANY, INC.,** Defendant/Appellee.

No. 1:93–CV–925.
Bankruptcy No. GK 91–81477.
Adv. No. 93–8006.

United States District Court,
W.D. Michigan, S.D.

Feb. 18, 1994.

Robert E. Lee Wright, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, for plaintiff-appellant.

Kelly L. Schell, Richardo I. Kilpatrick, Shermeta, Chimko & Kilpatrick, Rochester Hills, MI, for defendant-appellee.

## OPINION

QUIST, District Judge.

This action involves an appeal from the bankruptcy court. The Trustee, Richard C. Remes, challenges the bankruptcy court's ruling that a certain contested payment cannot be avoided as a preferential transfer.

### Statement of Facts

Prior to bankruptcy, Middle Earth Graphics, Inc. (the debtor) manufactured game boards. It sold the boards to Cadaco, Inc. (Cadaco). Schwarz Paper Company, Inc. (Schwarz) is a paper company which supplies raw materials to customers. In 1988, Middle Earth wanted to purchase board stock from Schwarz to use for goods it was manufacturing for Cadaco. However, at that time Middle Earth was experiencing financial difficulties, and Schwarz was concerned about Middle Earth's ability to pay for the stock. Schwarz proposed that Cadaco, one of its customers, agree to pay Schwarz directly for the stock if Middle Earth failed to pay Schwarz within a reasonable time. After negotiations, Cadaco agreed to guaranty payment to Schwarz. A December 7, 1988, letter from Cadaco to Schwarz stated in part:

> Under the premise that our current vendor (Middle Earth Graphics) orders stock to run the above game from Schwarz/Exeter and does not make payment in a reasonable time for said stock, Cadaco will pay

Schwarz/Exeter for said stock directly and pay Middle Earth Graphics for converting the stock into a finished product (less mark up on stock).

After obtaining the guaranty, Schwarz began shipping stock to Middle Earth. In May of 1989, Schwarz requested payment directly from Cadaco as a result of Middle Earth's default in payment. Pursuant to the guaranty, Cadaco paid Schwarz directly.

In September and October of 1990, Middle Earth ordered stock from Schwarz to be used in producing goods for Cadaco. Middle Earth did not pay Schwarz for the stock in a timely manner. Consequently, Schwarz demanded payment totaling Sixty-seven Thousand Six Hundred Twenty-six and 60/100 Dollars ($67,626.60) from Cadaco pursuant to the guaranty. In a letter dated January 9, 1991, Middle Earth confirmed the guaranty. The letter stated in part:

> Middle Earth Graphics, Inc., agrees to have Cadaco pay Schwarz Paper Company the amount of $67,626.60 Which [sic] represents cost of board sold to Middle Earth Graphics, Inc., to produce above complete order.

On February 21, 1991, Cadaco paid the Sixty-seven Thousand Six Hundred Twenty-six and 60/100 Dollars directly to Schwarz.[1] Schwarz credited Middle Earth's account for that amount.

Middle Earth filed a Chapter 11 Bankruptcy petition on March 8, 1991. On July 16, 1991, the proceedings were converted to Chapter 7, and Richard C. Remes was appointed the Chapter 7 Bankruptcy Trustee. The Trustee filed this adversary proceeding pursuant to 11 U.S.C. § 547 on January 14, 1993. A trial was held on August 27, 1993, before the Honorable James D. Gregg.[2] At the conclusion of the trial, Judge Gregg held that the contested payment made by Cadaco to Schwarz cannot be avoided as a preferential transfer. An Order of Dismissal was entered on September 21, 1993. The Trustee filed this Claim of Appeal on October 1, 1993.

***Standard of Review***

On an appeal from a bankruptcy court, the district court assesses the findings of fact by the bankruptcy court on the "clearly erroneous" standard but subjects the bankruptcy court's conclusions of law to *de novo* review. *In re Charfoos*, 979 F.2d 390, 392 (6th Cir. 1992).

> On review of a determination of the bankruptcy court, the district court cannot disturb or set aside findings of fact unless they are clearly erroneous. However, the district court is free to make an independent examination of any question of law or mixed questions of law and fact. The party seeking review of the bankruptcy court's determination bears the burden of proof.

*In re Van Rhee*, 80 B.R. 844, 946 (W.D.Mich. 1987) (citations omitted).

***Legal Analysis***

Section 547(b) of the Bankruptcy Code, 11 U.S.C. § 547(b), permits a trustee to void a transfer as preferential if the trustee can show there has been a "transfer of an interest of the debtor in property . . ." and that it was:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were under chapter 7 of this title [11 USCS §§ 701 et seq.];

---

**1.** With the exception of these two payments, Middle Earth paid Schwarz directly for stock.

**2.** At trial, Middle Earth waived the defense that the final payment was made in the ordinary course of business within the meaning of 11 U.S.C. § 547(c)(2).

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title [11 USCS §§ 101 et seq.].

The trustee contends that the January 1991 payment that Schwarz received from Cadaco for shipments made to Middle Earth in October of that year satisfies all of the enumerated requirements of § 547(b). Thus, according to the trustee, the payment is a preference and must be returned to the estate provided it effectuated a "transfer of an interest of the debtor in property."

The bankruptcy court found, however, that the payment Cadaco made directly to Schwarz was based upon a guaranty and did not involve an interest of the debtor. Therefore, the bankruptcy court held that the payment was not a preference and could not be avoided. The trustee argues that the bankruptcy court's finding was erroneous. He urges this Court to find that the payment made to Schwarz did involve a transfer of an interest of the debtor in property.

 The earmarking doctrine was created by courts to assist them in determining whether there has been a "transfer of an interest of the debtor in property." The doctrine states that "funds loaned to a debtor that are 'earmarked' for a particular creditor do not belong to the debtor because he does not control them." *In re Hartley*, 825 F.2d 1067, 1069 (6th Cir.1987) (citing *Grubb v. General Contract Purchase Corp.*, 94 F.2d 70 (2d Cir.1938)).

> The earliest enunciation of the doctrine occurred in cases where the new creditor providing new funds to pay off the old creditor, was himself also obligated to pay that prior debt. In other words, the new creditor was a guarantor of the debtor's obligation, such as a surety, a subsequent endorser or a straight contractual guarantor. Where such a guarantor paid the debtor's obligation directly to the old creditor, the courts rejected the claim that such payment was a voidable preference.

*In re Bohlen Enterprises, Ltd.*, 859 F.2d 561, 565 (8th Cir.1988).

Schwarz argues that the facts of this case fit within the doctrine's rationale precisely. The bankruptcy court found that the December 7, 1988, letter by Cadaco constituted a legally binding payment guaranty. (Trial Transcript at p. 77.) When Middle Earth failed to remit timely payment to Schwarz, Schwarz demanded payment from Cadaco. Cadaco responded by making a direct payment to Schwarz pursuant to the guaranty. Consequently, Schwarz argues that the payment was not a voidable preference.

The facts in this case are similar to the facts of *In re Trinity Plastics Inc.*, 138 B.R. 203 (Bankr.S.D.Ohio 1992). In *Trinity Plastics*, the debtor, Trinity Plastics, manufactured molding. The defendant, Bruck Plastics, was a supplier of raw material used by Trinity. Stanley (USA) was a customer of Trinity. Because Trinity had past due balances for materials purchased from Bruck, Stanley (USA) agreed to secure Trinity's purchase of raw materials from Bruck. When Trinity failed to pay Bruck in a timely manner, Stanley (USA) issued joint checks to Trinity and Bruck. Trinity's president endorsed the checks and sent them to Bruck. Trinity filed bankruptcy shortly thereafter.

The bankruptcy court in *Trinity Plastics*, held that the joint checks issued by Stanley (USA) never became "property of the debtor" and could not be avoided as a preferential transfer.

> There is no preference to the holder of a guaranty when paid by the guarantor, notwithstanding the bankruptcy of the obligor whose performance was guaranteed. This is so because no preference occurs when the payment depletes the assets of the guarantor and not those of the debtor.

*Trinity Plastics*, 138 B.R. at 206 (citations omitted). The court in *Trinity Plastics* determined that there had been no diminution of Trinity's estate.

The trustee asks this Court to reject the decision in *Trinity Plastics*. He claims that the *Trinity Plastics* court failed to consider the right of setoff. He contends that the decision in *In re Hartley*, 825 F.2d 1067 (6th Cir.1987) is controlling. In *Hartley*, a third party agreed to pay $500,000.00 directly to

the creditor bank in order to cover the debtor's overdrafts. In return, the third party received security interests in the debtor's real and personal property. The court held that the third party, not the debtor, controlled the disposition of the funds. The only depletion of the debtor's estate resulted from the debtor's transfer of security interests to the third party. Therefore, the amount of the voidable preference was equal to the value of the collateral, not the full $500,000.00. In this case, the trustee argues that Middle Earth retained control over the payment as evidenced by its letter "authorizing" payment directly to Schwarz. According to the trustee, the payment is a preference and should be returned to the estate.

 I do not agree with the trustee's analysis, and I am not prepared to reject the reasoning in *Trinity Plastics*. In this case, the bankruptcy court found that Cadaco was a guarantor.[3] In his decision Judge Gregg stated:

> The distinction in this case, and I find it's a proper legal distinction, is the fact that there was a letter dated December 7, 1988, signed by Cadaco, given in the favor of Schwarz Paper Co. which constitutes, in my view, a legally binding payment guaranty.

(Trial Transcript at p. 77). In the December 7, 1988, letter, Cadaco guaranteed payment if Middle Earth failed to pay within a reasonable period of time. Payment on this guarantee was not conditioned upon Middle Earth's permission. Rather, it was a direct, unconditional promise by Cadaco to Schwarz to induce Schwarz to deliver stock to Middle Earth—for the direct benefit of Cadaco. Nothing from the time of the guarantee to the payment by Cadaco to Schwarz changed the legal obligation of Cadaco to Schwarz.

During oral argument, counsel for the trustee acknowledged that if the $67,626 had been paid on direct demand from Schwarz to Cadaco the payment would not constitute a preference. According to the trustee, the January 9, 1991, letter changed the legal ramifications of the transaction. I do not agree. As stated above, the January 1991 letter does not create any new rights or obligations. It does not show "control" on the part of Middle Earth. It simply implements the December 1988 agreement by restating the prior agreement of the parties and then describing how bookkeeping entries are to be made by Middle Earth. Furthermore, I do not believe that there was a diminution in Middle Earth's estate.[4] Consequently, I find that the payment made by Cadaco is not recoverable as a preferential transfer and the bankruptcy court's decision should be affirmed.

### Conclusion

For the reasons stated, the bankruptcy court's decision that the payment made by Cadaco to Schwarz is not a preferential transfer is hereby AFFIRMED.

---

**3.** At oral argument, counsel for Schwarz distinguished between two types of earmarking cases. In the first type of case, a new creditor is substituted for an old creditor and courts have focused on whether the debtor's estate has been diminished. The second type of earmarking case involves a guaranty and courts have been concerned with the inherent unfairness of requiring a guarantor to pay twice.

**4.** *See Trinity Plastics,* 138 B.R. at 207.